Patten Oil Co. v. Kilic, No. 799-10-09 Rdcv (Teachout, J., Dec. 21, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                              **CIVIL DIVISION**
**Rutland Unit**                                              **Docket No. 799-10-09 Rdcv**


**Patten Oil Company, Inc.**
        **Plaintiff**

**v.**

**Hayrettin Kilic and**
**Natalia Kilic**
        **Defendants**


### DECISION
### Defendants' Motion for Summary Judgment, filed July 8, 2010

At issue in this motion is whether the parties had an enforceable fixed price contract for home heating oil. Plaintiff's claim in the case is that Defendants breached an alleged contract and owe damages in the amount of $7,963.69, for Plaintiff's lost profit. Defendants claim that the parties did not have an enforceable contract and therefore there was no breach when Defendants canceled Plaintiff's delivery of home heating oil. Plaintiff is represented by Christopher Corsones, Esq. Defendants are represented by James B. Anderson, Esq.

Defendants have moved for summary judgment on the breach of contract claim in the complaint and on the Defendants' claim for entitlement to attorney's fees under 9 V.S.A. § 2461(a)(1). The undisputed facts are as follows:

Defendants had purchased their home heating oil through a fixed price contract with Plaintiff for the 2007-2008 heating season, and in the summer of 2008 Plaintiff solicited Defendants to do so again for the 2008-2009 heating season. In August of 2008 Defendants received Plaintiff's standard "2008-2009 Fixed Price Contract" (hereafter referred to as "the Form Contract"). The Form Contract included blank spaces for, among other terms, the fixed price (presumably per gallon) of the home heating oil, the total number of gallons of home heating oil for the season, and the total amount due for the season.

Prior to mailing the Form Contract to Defendants, Plaintiff's Vice President had partially filled it in with some handwritten information including Defendants' names, address, account number from the previous year's contract, and a fixed price amount of $4.49. No amounts were inserted for number of gallons or total amount due for the season.

Upon receipt of the Form Contract and after some discussion with Plaintiff by telephone, Defendants crossed out the "4.49" fixed price amount and wrote "4.25", initialed the change, filled in their credit card information, and signed and dated the Form Contract. Defendants did

not, however, specify the total number of gallons of home heating oil they intended to purchase under the Form Contract. They left blank a section entitled "#Gallons" as well as the total amount due. Defendants then returned the Form Contract by mail to Plaintiff's place of business.

Upon receipt of the Form Contract, Plaintiff's Vice President filled in the section entitled "#Gallons" with "4-6,000 (estimate)", then signed and dated the document. Plaintiff's Vice President did not request that Defendants initial the change or re-sign the Form Contract. Defendants received a copy in the mail but never initialed the change or re-signed the document. Defendants had purchased 2,376.1 gallons during the prior year's heating season.

Approximately one month later, Plaintiff delivered 77 gallons of home heating oil to Defendants' residence. Defendants promptly paid for the delivery by check, and sometime thereafter, before Plaintiff delivered any more oil to Defendants' residence, Defendants notified Plaintiff that they would no longer accept or pay for deliveries of home heating oil from Plaintiff under the terms of the Form Contract.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, ... show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, the court accepts as true allegations made in opposition to the motion for summary judgment, provided they are supported by evidentiary material. *Robertson v. Mylan Labs., Inc.,* 2004 VT 15, ¶ 15, 176 Vt. 356. The nonmoving party then receives the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver v. State,* 2003 VT 71, ¶ 2, 175 Vt. 397.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THE CONTRACT CLAIM

Plaintiff claims breach of contract damages based on Defendants' failure to complete the purchase of 4,000 gallons. Defendants argue that under the facts of this case, the parties never agreed to the number of gallons to be purchased, and that Plaintiff, as a matter of law, violated the contract and solicitation requirements for home heating oil guaranteed price plans under the Consumer Fraud Act, 9 V.S.A. § 2461e(a)(1), and the Statute of Frauds, 9A V.S.A. § 2-201(1). Essentially, Defendants argue that they never agreed to purchase a minimum fixed number of gallons of home heating oil, and Plaintiff never obtained Defendants' written consent to any term added by Plaintiff to the Form Contract after it was mailed back to the Plaintiff.

Plaintiff argues that a number of material facts remain contested and therefore summary judgment is barred. Specifically, Plaintiff argues the following facts are contested and material to the case: (1) whether Defendant Natalia Kilic verbally authorized Plaintiff's Vice President to insert in the Form Contract the estimate of 4,000 – 6,000 gallons of home heating oil to be purchased by Defendants under the Form Contract; and (2) whether Defendants unreasonably

2

delayed their attempt to cancel the Form Contract until after the Plaintiff's first delivery of oil, and after the price of oil dropped significantly below the Form Contract price. In addition Plaintiff argues that Plaintiff's partial performance of and reasonable reliance to its detriment on the Form Contract binds the Defendants. Specifically, Plaintiff argues (1) that it partially performed and reasonably relied on the Form Contract by purchasing at least 75% of the contracted amount of oil for the Defendants, as required by 9 V.S.A. § 2461e(b)(1); and (2) that it partially performed on the Form Contract by making a delivery of oil to Defendants' residence, which Defendants paid for without complaint.

Solicitations and contracts for the retail sale of home heating oil fixed price plans like the Form Contract are strictly regulated under Vermont's Consumer Fraud Act, 9 V.S.A. § 2461e. Although Defendants raise both the Consumer Fraud Act and the Statute of Frauds in their Motion, the Form Contract falls squarely within the scope of the Consumer Fraud Act so the court finds it unnecessary to discuss this case in the context of the Statute of Frauds.

Under 9 V.S.A. § 2461e (a)(1), a contract for the retail sale of a home heating oil plan

> shall be in writing, and the terms and conditions of such price plans shall be disclosed. Such disclosure shall be in plain language and shall immediately follow the language concerning the price or service that could be affected and shall be printed in no less than 12-point boldface type of uniform font.

In order to maintain its claim for damages due to breach of contract, Plaintiff must first be able to show that it had an enforceable contract with Defendants. In light of the requirements of 9 V.S.A. § 2461e, the court concludes, as a matter of law, that the alleged contract relied on by Plaintiff was not an enforceable contract.

Even if Defendants verbally authorized the insertion of "4-6,000 (estimate)" in the "#Gallons" section of the Form Contract, an *estimate* of how much oil Defendants might purchase that winter, with a range including a spread of 2,000 gallons between high and low, cannot reasonably be understood as a contract term that Defendants must purchase at least 4,000 gallons of oil over the course of the 2008 – 2009 heating season.. Regardless of whether or not Defendants gave telephone authorization for the insertion of that "term" (which is disputed), Plaintiff's assertion that such a provision equates to a contractual obligation to purchase and pay for 4,000 gallons fails in light of the requirements under 9 V.S.A. § 2461e that "the terms and conditions of [a fixed price contract] shall be disclosed" and that "[s]uch disclosure shall be in plain language and shall immediately follow the language concerning the price or service that could be affected . . .."

The court must conclude that, as a matter of law, Defendants are entitled to summary judgment as to the breach of contract claim because the term that Plaintiff now seeks to enforce-- that Defendants were obligated to purchase at least 4,000 gallons of home heating oil under Plaintiff's fixed price plan—was not part of the parties' written contract, in plain language. Even if Defendants verbally authorized a 4,000-6,000 "estimate" over the telephone, that does not specify a clearly articulated obligation as required by the statute for an enforceable contract.

ATTORNEY'S FEES

In addition to the fact that the undisputed material facts show no enforceable contract, they also show a violation of § 2461 for the same reasons. Once a violation of the Consumer Fraud Act has been established, this court is required to award reasonable attorney's fees to the consumer. 9 V.S.A. § 2461 (b). Accordingly, as a matter of law, Defendants are entitled to attorney's fees.

ORDER

Defendants' Motion for Summary Judgment is *granted*.

Defendants' counsel shall submit a written request for an amount of attorney's fees and a proposed judgment by January 10, 2011. Plaintiff shall have ten days to file an objection as to the amount of attorney's fees.

Dated at Rutland, Vermont this 20th day of December, 2010.

_____
Hon. Mary Miles Teachout
Superior Court Judge

4